USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CASUALTY COMPANY OF READING, PA,

        Plaintiff,

v.

LEE BRANDS, INC., LEE BRANDS, LLC, and LEE PACIFIC, LLC

        Defendants.

05 Civ. 6701 (SCR)

OPINION AND ORDER

---

**STEPHEN C. ROBINSON, United States District Judge:**

Before the Court is Defendant Lee Pacific, LLC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In keeping with the Court's authority under Fed. R. Civ. P. 12(c), this motion was converted into one for summary judgment on the issue of Lee Pacific, LLC's successor liability to its co-defendants. For the reasons detailed below, that motion is denied.

**I.    Background**

Plaintiff American Casualty Company of Reading, PA is suing Lee Brands, Inc., Lee Brands, LLC, and Lee Pacific, LLC (collectively the "Defendants") for payment on indemnification agreements between Plaintiff and Lee Brands, Inc. and between Plaintiff and Lee Brands, LLC. Each agreement pertains to United States Customs Bonds executed pursuant to 19 U.S.C. § 1623.

The business of Lee Brands, Inc. and Lee Brands, LLC involved each regularly importing fruits and vegetables into the United States. To import these foods, the defendant entities were required to post bonds ensuring that the imported goods were in compliance with all regulatory

and statutory requirements of the United States Customs Service. Plaintiff acted as the surety for Lee Brands, Inc. and Lee Brands, LLC on these bonds and, accordingly, entered indemnity agreements with each of those defendants. Plaintiff sues here for specific performance on those indemnity agreements.

### A. Facts

On or about September 15, 1995, Lee Brands, Inc. and Plaintiff signed an indemnity agreement. Pursuant to that agreement, Plaintiff executed and delivered a bond to the United States Customs Service on October 25, 1995 guaranteeing Lee Brands, Inc.'s compliance with all its legal requirements. In return, Lee Brands, Inc. agreed to indemnify Plaintiff for any and all loss, damage, expense, and attorneys' fees which Plaintiff might sustain by reason of the bonds it provided on Lee Brands, Inc.'s behalf. Compl. ¶¶ 9–12. Similarly, on or about May 19, 2000, Lee Brands, LLC and Plaintiff entered an indemnity agreement. In that agreement, Lee Brands, LLC and its "subsidiaries, divisions and/or affiliated companies" agreed to indemnify Plaintiff for any and all loss, damage, expense, and attorneys' fees which Plaintiff might sustain by reason of the executed and delivered bonds provided to Lee Brands, Inc. Compl. ¶¶ 31–34.

On or about August 9, 2004, Plaintiff received a formal demand from the United States Customs Service for payment on the two bonds: $25,479.11 for the bond at issue in the 1995 indemnity agreement and $543,456.18 for the bond at issue in the 2000 indemnity agreement. Compl. ¶¶ 12, 35. Pursuant to the indemnity agreements, Plaintiff then demanded that Defendants provide funds as collateral security. Compl. ¶¶ 13, 36. Defendants have refused to do so. Plaintiff, therefore, filed a complaint with this Court on July 26, 2005. Compl. ¶¶ 15, 38. Plaintiff seeks specific performance of the indemnity agreements, attorneys' fees, and costs from Lee Brands, Inc. and Lee Brands, LLC. Compl. ¶¶ 18, 41, 29, 52. Plaintiff additionally seeks

specific performance, attorneys' fees, and costs against Defendant Lee Pacific, LLC, allegeing that Lee Pacific, LLC is an affiliate and successor in interests to Lee Brands, Inc., and Lee Brands, LLC. Compl. ¶ 54.

### B.   Lee Pacific, LLC's Motion to Dismiss

Lee Pacific, LLC has moved to dismiss the Complaint, arguing that it is neither an affiliate nor a successor in interest to Lee Brands, Inc. or Lee Brands, LLC. Lee Pacific, LLC notes that there is no specific reference to Lee Pacific, LLC in any of the indemnity agreements or customs bonds at issue in this litigation. Mem. of Points and Authorities in Support of Mot. to Dismiss ("Deft.'s Mem. of Law") at 6.

In response, Plaintiff supported its claim that Lee Pacific, LLC, is a successor in interest to Lee Brands, LLC by citing a letter it received from Lee Pacific, LLC, on or about November 13, 2003. Pl.'s Mem of Law at 5–6. That letter stated: "We are pleased to announce that Pacific Asparagus, LLC has merged with Lee Brands, LLC, effective November 13, 2003. We are now known as LEE PACIFIC, LLC...." Ex. 1 to Barther Aff. This letter was signed by Marty Metcalf ("Metcalf"), Controller of Lee Pacific, LLC. *Id.*

Lee Pacific, LLC responded by providing the Court with an affidavit signed by Metcalf in which he stated that his November 13, 2003 letter "mistakingly (sic) indicated that Lee Pacific, LLC was formed by a merger between Pacific Asparagus, LLC and Lee Brands, LLC." Decl. of Marty C. Metcalf ("Metcalf Decl.") ¶ 2. He stated that he was not familiar with the legal structure of the transactions between the parties when he sent out the letter and subsequently learned that there had been no merger between Pacific Asparagus, LLC and Lee Brands, LLC, or between Lee Brands, LLC and Lee Pacific, LLC. *Id.*

In light of that exchange, the Court ordered limited discovery into the issue of Lee

3

Pacific, LLC's successor liability to Lee Brands, Inc. and Lee Brands, LLC and permitted the parties to submit any additional documentation and legal argument regarding successor liability. Both parties submitted memoranda of law and documents relating to the formation of Lee Brands, Inc., Lee Brands, LLC, and Lee Pacific, LLC. The admissibility of those documents and the arguments they raise are discussed below.

## II.  Analysis

### A.  Standard for Motion to Dismiss

In evaluating a motion to dismiss a complaint under Rule 12(b)(6), a district court is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). In so doing, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, a court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). On a scale of likelihood, facial plausibility "is not akin to a 'probably requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must analyze the complaint under a two-pronged approach: (1) determine which statements are well-pleaded factual allegations and assume their veracity; and (2) "determine whether they plausibly give rise to an

4

entitlement to relief." *Id.* at 1950. Significantly, where a complaint contains mere legal conclusions, rather than factual allegations, those formulaic recitations of a cause of action are not entitled to the assumption of truth. *Id.* at 1950–51.

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (quotation and citation omitted). Further, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* at 153 (quotation and citation omitted). Consideration of a motion under Rule 12(b)(6) "does not give the district court authority to consider matters outside the pleadings; it simply delineates the procedures which must be followed in testing the legal sufficiency of a complaint." *Arnold v. Goetz*, 245 F. Supp. 2d 527, 539 (citing *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991)).

### B.     Converting a Motion to Dismiss into one for Summary Judgment

Plaintiff has, at this Court's request, submitted several documents regarding the issue of Lee Pacific, LLC's successor liability. Some of these documents may not be considered on a motion to dismiss. *Id.* Pursuant to Fed. R. Civ. P. 12(c), this Court exercises its discretion to convert Lee Pacific, LLC's motion to dismiss on this issue into a motion for summary judgment.

A court may convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings have been presented and accepted by the Court, and where all parties have been given a "reasonable opportunity" to present materials pertinent to the motion's resolution. *See* Fed. R. Civ. P. 12(c). While the "burden on the moving party is greater in cases where discovery is incomplete," *Saffire Corp. v. Newkidco, LLC*, 286 F. Supp. 2d 302,

306 (S.D.N.Y. 2003), discovery into this limited issue—whether Lee Pacific, LLC is a successor in interest to Lee Brands, LLC and Lee Brands, Inc.—has been permitted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Neither Plaintiff nor Lee Pacific, LLC is prejudiced by the conversion.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact. . . ." Fed. R. Civ. P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* A court must "review[] the evidence in the light most favorable to the non-movant." *Richardson v. Selsky,* 5 F.3d 616, 621 (2d Cir. 1993).

## C.    Judicial Notice of Certain Documents

The parties request that this Court take judicial notice of several documents. This Court determines that judicial notice is appropriate for some, but not all, of the documents submitted. Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Courts will take judicial notice of the existence of government records. *See, e.g.*, *Big East Entertainment, Inc. v. Zomba Enterprises, Inc.*, 453 F. Supp. 2d 788, 797 (S.D.N.Y. 2006) (citing *Torrens v. Lockheed Martin Services Group, Inc.*, 396 F.3d 468, 472 (1st Cir. 2005)).

### i.    Documents Submitted by Lee Pacific, LLC

Lee Pacific, LLC asks this Court to take judicial notice of the May 15, 1997 certificate of dissolution of Lee Brands, Inc, as well additional documents relating to Lee Brands, Inc. and an

entity known as Lee Imports, Inc. *See generally* Ex. A to Lee Pacific, LLC's Second Supp. Req. for Judicial Notice, Bates stamped LP0000181–88 and LP0000190A. Each requested document shows evidence of having been filed with the California Secretary of State. This Court finds these documents to be "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," and takes judicial notice of them pursuant to Fed. R. Evid. 201(b)(2). *See also Torrens*, 396 F.3d at 472; *Big East Entertainment, Inc.*, 453 F. Supp. 2d at 797. Alternatively, these documents could have been considered as evidence submitted as part of a motion for summary judgment. For these same reasons, the Court also takes judicial notice of: (1) certified copies of the record of the court docket relating to the bankruptcy of Lee Brands, LLC, filed in the United States Bankruptcy Court for the Northern District of California, San Jose Division, (Exs. B and C to Lee Pacific, LLC's Second Supp. Req. for Judicial Notice); and (2) records from the California Secretary of State setting forth the entity histories of all three Defendants (Exs. D–F to Lee Pacific, LLC's Second Supp. Req. for Judicial Notice).

### ii.     **Documents Submitted by Plaintiff**

In response to this Court's May 5, 2006 directive to provide evidence that would determine and establish the successor liability of Lee Pacific, LLC, Plaintiff submitted a number of attachments to its July 7, 2006 correspondence to the Court. Several of these documents are identical copies of documents that Lee Pacific, LLC submitted on its own behalf, the admissibility of which is addressed *supra*. Plaintiff, however, submitted two critical additional documents: (1) a consolidation agreement entered into on November 11, 2003 by Pacific Asparagus, LLC, Lee Brands, LLC, New Lee, LLC, and Lee Pacific, LLC (Ex. 8 to Pl.'s Letter to the Court dated July 7, 2006); and (2) the LLC agreement of Lee Brands, LLC (Ex. 9 to Pl.'s Letter to the Court dated July 7, 2006). This Court will not take judicial notice of these, but will

7

consider the documents as proper parts of Plaintiff's opposition to the instant motion for summary judgment.

### D. Successor Liability

Lee Pacific, LLC argued that it should be dismissed from the case because Plaintiff cannot establish that it is an affiliate or a successor in interest to Lee Brands, Inc. or Lee Brands, LLC. For the reasons explained below, Lee Pacific, LLC's motion is denied.

The evidence Plaintiff submits in support of its claim that Lee Brands, LLC is a continuation of Lee Brands, Inc. includes: (1) a Statement of Information, signed by Robert V. Jenkins on May 2, 1997 and filed May 6, 1997, for Lee Brands, LLC, in which Lee Brands, LLC's "[g]eneral type of business activity" is described as "[t]o succeed to the Business and assets of Lee Brands, Inc."(Ex. 1 to Pl.'s Letter to the Court dated July 7, 2006); and (2) a Certificate of Dissolution for Lee Brands, Inc., signed by Robert V. Jenkins, Randall C. Pura, and Thomas M. Zuckerman on May 15, 1997, and filed May 21, 1997 (Ex. 4 to Pl.'s Letter to the Court dated July 7, 2006). These documents succeed in raising a material fact as to whether Lee Brands, LLC is a successor in interest of Lee Brands, Inc. Accordingly, if there is a material factual dispute as to whether Lee Pacific, LLC is a successor in interest to Lee Brands, LLC, there is necessarily a fact in dispute about whether Lee Pacific, LLC is also a successor of Lee Brands, Inc.

Plaintiff argues that Lee Pacific, LLC is the product of a consolidation between, *inter alia*, Pacific Asparagus, LLC and Lee Brands, LLC, as illustrated by the 2003 consolidation agreement that both entities signed. *See generally* Ex. 8. This contract, in pertinent part, provides that Lee Brands, LLC, will "transfer, assign, and contribute to" Lee Pacific, LLC, all of Lee Brands, LLC's, rights and interests in certain contracts, leases, and agreements, subject to

8

the exclusions contained in the agreement. *See* Ex. 8 ¶ 1.2; *see also* Ex. 8 at Schedules 1.2(a) (Bates stamped LP0000121), 1.2(b) (Bates stamped LP0000122), and 1.2(c) (Bates stamped LP0000123). Lee Pacific, LLC also agreed to "accept, assume, and perform all of the liabilities and obligations" of Lee Brands, LLC. Ex. 8 ¶ 1.5; *see also* Ex. 8 Schedules 1.5(a) (Bates stamped LP0000127–8) and 1.5(b) (Bates stamped LP0000129). Among the liabilities *included* in the transfer is a line item for "Accrued Expense – Governm't assessments." *See id.* Schedule 1.5(a). There is no dollar figure associated with this line item on the schedule, and consequently, no sum of money for this particular item is included in the total calculation of liabilities being transferred from Lee Brands, LLC to Lee Pacific, LLC.

Without more information, however, it is possible to read Schedule 1.5(a) to include an entire category for "Accrued Expense – Governm't assessments" even if that category did not contain any specific liabilities at the time the document was executed. As Lee Pacific, LLC acknowledges, the Customs obligations at issue in this suit would certainly fall within this category of liabilities. What remains a material fact in dispute, therefore, is whether the liabilities arising out of the 1995 Indemnity Agreement and the 2000 Indemnity Agreement can be properly understood as falling within the "Governm't assessments" category described in the consolidation agreement, even though there was no specific dollar figure attached to that category at the time of the agreement.

Accordingly, Defendant Lee Pacific, LLC has not fulfilled its burden to show that "there is no genuine issue as to any material fact" regarding whether Lee Pacific, LLC may be subject to liability under the indemnity agreements as a successor in interest to either Lee Brands, Inc. or Lee Brands, LLC. Fed. R. Civ. P. 56(c).[1] Lee Pacific, LLC stresses that there was no formal

---

[1] Lee Pacific, LLC also argued that it is immune from liability because it was not a signatory to the contracts referred to in the complaint, and is not subject to liability as a co-principle subsidiary under 19 C.F.R. §

"merger" between Lee Brands, LLC and Pacific Asparagus, LLC to create Lee Pacific, LLC, but even if there was no merger *per se*, the consolidation agreement alone supplies enough information to create a material dispute as to whether Lee Pacific, LLC is in fact the successor in interest to Lee Brands, LLC. Only through further discovery will the meaning and import of this agreement and other documents be better understood. Thus, Lee Pacific, LLC's motion for summary judgment on this ground is denied.

### E. Statute of Limitations

Lee Pacific, LLC also argues that the Complaint must be dismissed because the claim is barred by the statute of limitations. This Court holds that Plaintiff filed the action within the statute of limitations.

The statute of limitations begins to run when a cause of action accrues. *See, e.g.*, N.Y. C.P.L.R. § 203(a). The statute of limitations on a breach of contract cause of action in New York is six years and accrues at the time of the breach. N.Y. C.P.L.R. § 213; *John J. Kassner & Co., Inc. v. City of New York*, 389 N.E.2d 99, 102 (N.Y. 1979).

Lee Pacific, LLC argues that this Court should look to the dates in the Customs demands for purposes of this calculation.[2] That argument is not persuasive. The contracts at issue in this case are indemnity agreements from 1995 and 2000. To the extent the bonds with Customs are relevant, it is merely because Customs made a demand upon Plaintiff relating to the bond that Plaintiff executed and delivered pursuant to the indemnity agreements with Defendants. The

---

133.33(e). As this Court holds that there is a disputed issue of material fact about whether Lee Pacific, LLC is successor in interest, this Court need not consider this arguments at this time – if Lee Pacific, LLC is a successor in interest, the fact that it did not specifically sign the documents at issue is not a basis for dismissal pursuant to this regulation. Further, Lee Pacific

[2] While Lee Pacific, LLC admits that the "Bill Date" on the formal demand made by Customs reads May 29, 2004, it argues that "Plaintiff's right to payment" accrued on the "Document Dates" in the formal demands made by Customs. The "Document Dates" in the customs demands are June 24, 1996, for the $25,479.11 demand and several dates in 1998 for the $543,456.18 demand.

10

demand made by Customs caused Plaintiff to request that Defendants provide funds as collateral security pursuant to the indemnity agreements. If, as Plaintiff alleges, the indemnity agreements were breached, it was when those demands for payment went unheeded; some time after August 9, 2004. *See, e.g., John J. Kassner & Co., Inc.*, 389 N.E.2d at 102 (holding that "the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" of a contract). Plaintiff filed this action on July 26, 2005. As a result, Plaintiff's action is timely.

### F. Remaining Issues

The remaining issues in this case relate to documents the Court has deemed inappropriate to take judicial notice of at this time.[3] Thus, the Court declines to reach those issues.

### III. Conclusion

Lee Pacific, LLC's motion for summary judgment on the issue of whether it is a successor in interest to Lee Brands, Inc. or Lee Brands, LLC is denied. The Clerk of the Court is directed to terminate docket entry 9.

*It is so ordered.*

Dated: March 3, 2010
White Plains, New York

Stephen C. Robinson
United States District Judge

---

[3] This Court also declines to convert Lee Pacific, LLC's motions to dismiss on these alternative grounds into motions for summary judgment, as the discovery that took place in this case related only to the issue of successor liability.

11